THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

|  |  |  |
|---|---|---|
| ANIMAL WELFARE LEAGUE, *et al.*, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | | |
| v. | | Civil No. RWT 09-cv-01519 |
| BEECH RIDGE ENERGY LLC and INVENERGY WIND LLC, | | |
| Defendants. | | |

**ANSWER AND COUNTERCLAIM OF DEFENDANTS BEECH RIDGE ENERGY LLC AND INVENERGY WIND LLC**

**ANSWER**

Defendants Beech Ridge Energy LLC and Invenergy Wind LLC (collectively "Defendants") file this Answer pursuant to Rules 7-12 of the Federal Rules of Civil Procedure to the Complaint filed on June 10, 2009 by Plaintiffs Animal Welfare League, *et al.* ("Plaintiffs") and received by Defendants on June 19, 2009. Any allegation not specifically admitted below is denied. Answering specifically the numbered paragraphs of the Complaint, Defendants admit, deny, and aver as follows:

**INTRODUCTION**

1.  Paragraph 1 consists of characterizations, legal conclusions, speculation, and summaries of Plaintiffs' position, to which no response is required. Insofar as this Paragraph is deemed to contain allegations of fact, the allegations are denied.

2. Paragraph 2 states a conclusion of law, to which no response is required. Insofar as this Paragraph is deemed to contain allegations of fact, the allegations are denied.

## JURISDICTION AND VENUE

3. Paragraph 3 states a conclusion of law, to which no response is required.

4. The first sentence of Paragraph 4 states in part a conclusion of law as to a provision of the Endangered Species Act ("ESA"), 16 U.S.C. § 1540(g), to which no response is required. Further, the statutory provision speaks for itself and is the best evidence of its content. Any allegation to the contrary of that best evidence is denied. As to the allegation of the first sentence that a letter was "sent by certified mail on or around March 13, 2009," Defendants lack sufficient information to form a belief as to the truth of that allegation and therefore deny same and demand strict proof. The second sentence of Paragraph 4 purports to summarize the "March 13, 2009 notice letter." Defendants lack sufficient information to form a belief as to the truth of that allegation and therefore deny same and demand strict proof. In further response, Defendants aver that they received a letter dated March 5, 2009 that was written on behalf of Plaintiffs and others and purported to "supplement" an attached letter dated October 6, 2008 from Plaintiff Mountain Communities for Responsible Energy and other non-plaintiffs to Defendants and others. Those letters speak for themselves and are the best evidence of their content. Any allegation to the contrary of that best evidence is denied.

5. Paragraph 5 states a conclusion of law, to which no response is required.

6. Paragraph 6 states a conclusion of law, to which no response is required.

7. Paragraph 7 states a conclusion of law, to which no response is required.

## PARTIES

8.     Defendants lack sufficient information to form a belief as to the truth of the factual allegations in Paragraph 8, and therefore deny same and demand strict proof. Additionally, many of these allegations are legal conclusions regarding standing that require no response.

9.     Defendants lack sufficient information to form a belief as to the truth of the factual allegations in Paragraph 9, and therefore deny same and demand strict proof. Additionally, many of these allegations are legal conclusions regarding standing that require no response.

10.    Defendants lack sufficient information to form a belief as to the truth of the factual allegations in Paragraph 10, and therefore deny same and demand strict proof. Additionally, many of these allegations are legal conclusions regarding standing that require no response.

11.    Defendants lack sufficient information to form a belief as to the truth of the factual allegations in Paragraph 11, and therefore deny same and demand strict proof. Additionally, many of these allegations are legal conclusions regarding standing that require no response.

12.    Defendants lack sufficient information to form a belief as to the truth of the factual allegations in Paragraph 12, and therefore deny same and demand strict proof. Additionally, many of these allegations are legal conclusions regarding standing that require no response.

13. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in Paragraph 13, and therefore deny same and demand strict proof. Additionally, many of these allegations are legal conclusions regarding standing that require no response.

14. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in Paragraph 14, and therefore deny same and demand strict proof. Additionally, many of these allegations are legal conclusions regarding standing that require no response.

15. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in Paragraph 15, and therefore deny same and demand strict proof. Additionally, many of these allegations are legal conclusions regarding standing that require no response.

16. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in Paragraph 16, and therefore deny same and demand strict proof. Additionally, many of these allegations are legal conclusions regarding standing that require no response.

17. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in Paragraph 17, and therefore deny same and demand strict proof. Additionally, many of these allegations are legal conclusions regarding standing that require no response.

18. Defendants admit the allegations of the first sentence of Paragraph 18. In response to the first clause of the second sentence, Defendants deny that Beech Ridge Energy

maintains its "principal place of business in Rockville, Maryland," and aver that Beech Ridge Energy's principal office is located in Chicago, Illinois, and that it maintains an office in Rockville, Maryland. In response to the second clause of the second sentence, Defendants admit that Beech Ridge Energy's siting application to the West Virginia Public Service Commission listed an address in Montgomery County, Maryland; in further response, Defendants aver that the siting application speaks for itself and is the best evidence of its content. Any allegation to the contrary of that best evidence is denied. The last sentence of this Paragraph states a legal conclusion and requires no response; insofar as it is deemed to contain allegations of fact, the allegations are denied.

19. Defendants admit that Invenergy Wind is a limited liability company organized under the laws of Delaware, but deny that it maintains a "principal place of business in Rockville, Maryland." In further response to the first sentence, Defendants aver that Invenergy Wind's principal office is located in Chicago, Illinois, and that it maintains an office in Rockville, Maryland. In response to the first clause of the second sentence, Defendants admit that Beech Ridge Energy is an indirect wholly owned subsidiary of Invenergy Wind. The remainder of the second sentence states a legal conclusion and requires no response; insofar as it is deemed to contain allegations of fact, the allegations are denied.

**STATUTORY AND REGULATORY FRAMEWORK**

20. Paragraph 20 purports to quote from and characterize a provision of the ESA, which speaks for itself and is the best evidence of its content. Defendants respectfully refer the Court to the referenced statute for a complete and accurate statement of its provisions. Any allegation to the contrary of that best evidence is denied.

21.     Paragraph 21 purports to quote from and characterize a provision of the ESA, which speaks for itself and is the best evidence of its content.  Defendants respectfully refer the Court to the referenced statute for a complete and accurate statement of its provisions.  Any allegation to the contrary of that best evidence is denied.

22.     Paragraph 22 purports to quote from and characterize a provision of the ESA, which speaks for itself and is the best evidence of its content.  Defendants respectfully refer the Court to the referenced statute for a complete and accurate statement of its provisions.  Any allegation to the contrary of that best evidence is denied.

23.     Paragraph 23 purports to quote from and characterize the "harass" regulation under the ESA, which speaks for itself and is the best evidence of its content.  Defendants respectfully refer the Court to the referenced regulation for a complete and accurate statement of its provisions.  Any allegation to the contrary of that best evidence is denied.

24.     Paragraph 24 purports to quote from and characterize the "harm" regulation under the ESA, which speaks for itself and is the best evidence of its content.  Defendants respectfully refer the Court to the referenced regulation for a complete and accurate statement of its provisions.  Any allegation to the contrary of that best evidence is denied.

25.     Paragraph 25 purports to quote from and characterize a provision of the ESA, which speaks for itself and is the best evidence of its content.  Defendants respectfully refer the Court to the referenced statute for a complete and accurate statement of its provisions.  Any allegation to the contrary of that best evidence is denied.

26.     Paragraph 26 purports to quote from and characterize a provision of the ESA, which speaks for itself and is the best evidence of its content.  Defendants respectfully refer the

Court to the referenced statute for a complete and accurate statement of its provisions. Any allegation to the contrary of that best evidence is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

**A.    The Indiana Bat**

27.    Defendants deny the allegations and characterizations in the first, third, fifth, and seventh sentences of Paragraph 27. As so the sixth sentence, Defendants admit that female Indiana bats form maternity colonies "in hollow trees," but aver that only a small minority (roughly 4 percent) of maternity colonies are located in hollow trees. Defendants admit the factual allegations in the remainder of the sixth sentence, and in the second, fourth, and eighth sentences of this Paragraph.

28.    Defendants deny the allegations and characterizations in Paragraph 28.

29.    Defendants admit the allegations in the first sentence of Paragraph 29, and deny the allegations and characterizations in the remaining sentences.

30.    Defendants admit that "White Nose Syndrome" poses a threat to Indiana bats. Defendants deny the remaining allegations of Paragraph 30, particularly the allegation that "wind power poses a grave threat to Indiana bats." In further response, Defendants aver that it has not been shown that any wind energy facility has killed, harmed, or otherwise adversely affected an Indiana bat.

**B.    The Beech Ridge Wind Project**

31.    In response to the first and second sentences of Paragraph 31, Defendants admit that Beech Ridge Energy has received a siting certificate from the West Virginia Public Service Commission ("PSC") for a wind-powered generating facility. That certificate speaks for itself

7

and is the best evidence of its content. Defendants respectfully refer the Court to the referenced certificate for a complete and accurate statement of its terms, conditions, and provisions. Any allegation or characterization of fact to the contrary of that best evidence is denied. As to opening sequence of factual allegations in the third sentence (up to the hyphen preceding "despite"), Defendants admit that Beech Ridge Energy has commenced road work and land-clearing work for the project and is using construction vehicles for that work, but deny Plaintiffs' characterizations of those activities and equipment. The remainder of the third sentence is argumentative and states legal conclusions and therefore requires no response; insofar as it is deemed to contain allegations of fact, those allegations are denied.

32.   Defendants deny that Beech Ridge Energy has not disclosed the expected lifespan of the wind project. In further response, Defendants aver that the project is designed for a life of 20 years, which comports with Beech Ridge Energy's power purchase agreement with American Electric Power. Plaintiffs' remaining factual allegations, characterizations, and speculation in this Paragraph are denied.

**C.   The Beech Ridge Wind Project's Likely Impacts on Indiana Bats[1]**

33.   With respect to the first sentence of Paragraph 33, Defendants admit that there are historical records of Indiana bat use of hibernacula within ten miles of a portion of the project site; Defendants deny the remaining allegations and characterizations of the first sentence. With respect to the second through sixth sentences of Paragraph 33, Defendants lack sufficient

---

[1]   For ease of reference, Defendants have repeated verbatim in this Answer the headings set forth in Plaintiffs' Complaint. Insofar as headings such as this one are deemed to contain allegations of fact concerning Defendants' activities challenged in this action, those allegations are denied.

information to form a belief as to the truth of the factual allegations with respect to any Indiana bats in or near Greenbrier County, West Virginia, and therefore deny same and demand strict proof. Defendants further aver that an April 6, 2006 report from BHE Environmental, Inc. showed: (1) no Indiana bats in any of the 12 caves surveyed near the proposed Beech Ridge Wind Farm; and (2) records of historical use by Indiana bats of entrances to the Friar's Hole Cave System located between 6 and 7 miles from the Wind Farm sites. Defendants further aver that the U.S. Fish and Wildlife Service ("FWS") has the greatest concern over activities which degrade habitat suitability within 5 miles of active Indiana bat hibernacula. Defendants further aver that no Indiana bats were captured in mist netting conducted according to the Indiana Bat Recovery Plan in: (1) 62 net nights of surveying at the proposed Beech Ridge Wind Farm (*see* August 2005 Report of BHE Environmental, Inc.); and (2) 48 net nights of surveying the proposed Beech Ridge Wind Energy transmission line corridor (*see* September 27, 2006 Report of BHE Environmental, Inc.). Defendants further aver that FWS's correspondence with BHE Environmental and with the Public Service Commission of West Virginia ("PSC") did not assert that the Beech Ridge Energy Project is reasonably certain to "take" an Indiana bat within the meaning of ESA § 9(a), 16 U.S.C. § 1538(a), and that FWS did not argue that Defendant Beech Ridge Energy must obtain an incidental take permit under ESA § 10(a), 16 U.S.C. § 1539(a). Defendants further aver that, while private parties, including some of the Plaintiffs, argued before the PSC that the project is likely to "take" an Indiana bat, the Commission found that testimony to be unpersuasive. For example, the Commission stated:

> MCRE [Mountain Communities for Responsible Energy] also alleged that it is highly likely than an Indiana bat will be taken by the project, and Beech Ridge strenuously objects because no Indiana bats have been seen since 1990. The Commission considered extensive evidence regarding the project's possible impact of bats. [Citations omitted]

9

> There is no expert testimony consistent with this MCRE allegation. Instead, MCRE creates its argument by combining several outermost possibilities from information contained in public comment.

*Beech Ridge Energy LLC*, No. 05-1590-E-CS (PSC, Order of January 11, 2007, at 33). The Commission also found:

> The intervenors are concerned about a cave about six miles from the closest turbine, where Indiana bats have previously been found. However, no Indiana bats were found in the cave in either a 2006 survey or a 2002 survey, and the last instance when an Indiana bat was located in the cave was in 1990. Further, no Indiana bat was recovered in Beech Ridge's 2005 mist-netting. Moreover, Beech Ridge's witness testified that Indiana bats generally do not swarm more than five miles from their home cave. He also testified that Fish and Wildlife accepts the general standard that Indiana bats typically do not swarm more than five miles away, and this was not refuted. Under these circumstances, the Commission is persuaded that the evidence does not support a conclusion that Indiana bats live near the project. . . .

*Beech Ridge Energy LLC*, No. 05-1590-E-CS (PSC, Order of August 28, 2006, at 81). The Commission also found:

> The Commission's orders conditionally granting the Siting Certificate did not require Beech Ridge to obtain an incidental take permit. . . . Thomas R. Chapman of the USFWS stated . . . . "The decision to obtain this permit lies with the prospective permit applicant" . . . . Mr. Groberg testified at the compliance hearing that an incidental take permit was not necessary, and his testimony was not rebutted. . . . Upon review, we note that the likelihood of the Project resulting in a take of a protected species was extensively litigated when the Commission considered whether to grant Beech Ridge a Siting Certificate. The evidence was unrebutted that no Indiana bat has been seen near the Project site since 1990.

*Beech Ridge Energy LLC*, No. 05-1590-E-CS (PSC, Order of February 13, 2009, at 14-15). Defendants further aver that, pursuant to the siting certificate issued by the PSC, Beech Ridge will consult with a Technical Advisory Committee whose membership is open to the PSC, the U.S. Fish and Wildlife Service, the West Virginia Division of Natural Resources, and a statewide environmental organization, among others, concerning:

> Three years of post-construction bat mortality and adaptive management studies, after operations commence, to assess 1) the project's impact, if any, upon bat life, 2) the potential for adaptive management techniques to mitigate such impacts, and 3) the expected costs over a range of mitigation effectiveness levels.

*Beech Ridge Energy LLC*, No. 05-1590-E-CS (PSC, Order of August 28, 2006, at 90).

34.     The factual allegations in Paragraph 34 are denied, in part for the reasons stated in responding to Paragraph 33.  Paragraph 34 also states conclusions of law, to which no response is required; and recites Plaintiffs' speculation, to which no response is required or possible.

35.     The factual allegations in Paragraph 35 are denied, in part for the reasons stated in responding to Paragraph 33.  Paragraph 35 also states conclusions of law, to which no response is required; and recites Plaintiffs' speculation, to which no response is required or possible.

36.     The factual allegations in Paragraph 36 are denied, in part for the reasons stated in responding to Paragraph 33.  Paragraph 36 also states conclusions of law, to which no response is required; and recites Plaintiffs' speculation, to which no response is required or possible.

37.     The factual allegations in Paragraph 37 are denied, in part for the reasons stated in responding to Paragraph 33.  Paragraph 37 also states conclusions of law, to which no response is required; and recites Plaintiffs' speculation, to which no response is required or possible.

38.     The factual allegations in Paragraph 38 are denied, in part for the reasons stated in responding to Paragraph 33.  Paragraph 38 also states conclusions of law, to which no response is required.

39.     Paragraph 39 characterizes, and selectively quotes from, letters from FWS.  Defendants respectfully refer the Court to the letters for the complete and accurate statement of their substance.  Those letters speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.

40. Paragraph 40 characterizes, and selectively quotes from, Dr. Gannon's opinion testimony. Defendants respectfully refer the Court to the testimony for the complete and accurate statement of his testimony. The testimony speaks for itself and is the best evidence of its content. Any allegations to the contrary of that best evidence are denied.

41. Defendants admit that Beech Ridge Energy's consultant conducted mist net surveys and cave surveys that found no Indiana bats, and that Beech Ridge Energy has not opted to apply for an incidental take permit under ESA § 10. Defendants deny Plaintiffs' characterization of those surveys as inadequate. Some of Beech Ridge Energy's reasoning is stated in responding to Paragraph 33. The remaining portions of Paragraph 41 characterize, and selectively quote from, FWS letters and Dr. Gannon's testimony. Defendants respectfully refer the Court to the letters and testimony for the complete and accurate statement of their provisions. The letters and testimony speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

42. Paragraph 42 states conclusions of law, to which no response is required.

43. Paragraph 43 states conclusions of law, to which no response is required.

The remainder of the Complaint consists of Plaintiffs' Prayer for Relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation in Plaintiffs' Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendants, and each of them, set forth the following affirmative defenses against Plaintiffs, and each of them:

**First Affirmative Defense**

Jurisdiction is lacking over the claims in the Complaint.

**Second Affirmative Defense**

Plaintiffs have failed to state a claim upon which relief may be granted.

\* \* \*

## COUNTERCLAIM

1. Section 11(g)(4) of the ESA provides:

The court, in issuing any final order in any suit brought pursuant to paragraph (1) or this subsection, may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate. 16 U.S.C. § 1540(g)(4).

2. Plaintiffs bring this lawsuit pursuant to 16 U.S.C. § 1540(g)(1).

3. Pursuant to 16 U.S.C. § 1540(g)(4), Defendants are entitled to an award of costs of litigation (including reasonable attorney fees and expert witness fees).

WHEREFORE, Defendants pray for judgment as follows:

1. Plaintiffs take nothing by their Complaint.

2. Plaintiffs' Complaint be dismissed with prejudice.

3. Defendants be awarded costs of litigation (including reasonable attorney and expert witness fees) pursuant to 16 U.S.C. § 1540(g)(4).

\* \* \*

WHEREFORE, Defendants respectfully request that this Court deny all relief sought by Plaintiffs, grant judgment to Defendants, and grant Defendants such additional relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Kirsten L. Nathanson*
Kirsten L. Nathanson (D. Md. Bar No. 14236)
Steven P. Quarles (*pro hac vice*)
J. Michael Klise (application for admission pending)
Thomas R. Lundquist (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Ave., NW
Washington, D.C. 20004-2595
Telephone:  (202) 624-2500
Facsimile:  (202) 628-5116
knathanson@crowell.com

Attorneys for Defendants Beech Ridge Energy LLC and Invenergy Wind LLC

Dated:  July 9, 2009