**United States District Court**
**for the District of Maryland**

| | |
|---|---|
| ANIMAL WELFARE INSTITUTE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. No. 09-1519 (RWT) |
| ) | |
| BEECH RIDGE ENERGY LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**REQUEST FOR A TELEPHONE STATUS CONFERENCE[1]**

In advocating for a "combined hearing on the pending preliminary injunction motion with the merits," defendants represent that they are "willing to refrain from erecting" *some* of the industrial wind turbines at issue "during September 2009" so as to facilitate the Court's scheduling of a "two-day Rule 65(a)(2) hearing and accompanying briefing during September 2009." DE 24 at 1, 2. As discussed below, although plaintiffs agree that a consolidated Rule 65(a)(2) hearing in the September/October time frame could indeed constitute the most "efficient resolution to this litigation," id. at 2 – depending, of course, on the Court's availability and schedule, as well as that of potential witnesses – defendants' proposed approach is objectionable to plaintiffs for the following reasons.

---

[1] Because the Court has granted defendants' request for a status conference, plaintiffs are filing this response so that the Court is fully apprised of plaintiffs' position on defendants' proposed approach in advance of the conference.

Under defendants' proposal, nearly *half* of the turbines scheduled for construction this year – 31 out of 67 – would be erected before the Court even holds a hearing on plaintiffs' claims that the project will "take" endangered Indiana bats, and hence may not lawfully proceed in the absence of an Incidental Take Permit ("ITP") issued by the United States Fish and Wildlife Service ("FWS") pursuant to section 10 of the Endangered Species Act, 16 U.S.C. § 1539 ("ESA"). As set forth in plaintiffs' motion for a preliminary injunction and supporting affidavits from leading bat experts, it is plaintiffs' position that the erection of turbines will itself harm and otherwise "take" Indiana bats.

In addition, if defendants must ultimately pursue the process of applying for an ITP – the sole legal mechanism by which take of an endangered species may be authorized – the federal permitting agency would then be in the position of prescribing the "steps" that Defendants should adopt to "minimize and mitigate" the impacts of the project on Indiana bats. 16 U.S.C. § 1539(a)(2)(A). Since such "steps" could well include siting or other design modifications, defendants' erection of nearly half of the massive turbines presently slated for construction could obviously undermine, or at least skew, the Congressionally-mandated process for permitting projects that threaten imperilled species. See also id. at § 1536(d) (prohibition on the "irreversible or irretrievable commitment of resources" by federal permit applicants which have the "effect of foreclosing the formulation or implementation of any reasonable and prudent

alternative measures").[2]

Accordingly, if the August 11, 2009 hearing on plaintiffs' motion for a preliminary injunction is to be converted into a consolidated hearing that would be held in the September/October time frame, as defendants propose, defendants should refrain from erecting *any* of the wind turbines pending such a hearing and the Court's resolution. In this connection, it is noteworthy that defendants have not asserted that they would suffer significant economic harm from such a brief deferment in turbine construction.

Respectfully submitted,

/s/ William S. Eubanks II
William S. Eubanks II
(admitted *Pro hac vice*)
(No. 93342)
Meyer Glitzenstein & Crystal
1601 Connecticut Avenue, NW
Suite 700
Washington, DC 20009
(202) 588-5206
(202) 588-5049 (fax)
beubanks@meyerglitz.com

/s/ Eric R. Glitzenstein
Eric R. Glitzenstein
(admitted *Pro hac vice*)

---

[2] The fact that <u>one</u> of the plaintiffs made a settlement offer in a state administrative proceeding predicated on defendants' willingness to <u>permanently</u> refrain from constructing the turbines identified in defendants' filing should not only be disregarded by the Court, <u>see</u> Fed. R. Evid. 408, but bears no legal or logical relationship to the terms under which the project should proceed before this Court has had an opportunity to rule on plaintiffs' federal ESA claims.

alternative measures").[2]

Accordingly, if the August 11, 2009 hearing on plaintiffs' motion for a preliminary injunction is to be converted into a consolidated hearing that would be held in the September/October time frame, as defendants propose, defendants should refrain from erecting *any* of the wind turbines pending such a hearing and the Court's resolution. In this connection, it is noteworthy that defendants have not asserted that they would suffer significant economic harm from such a brief deferment in turbine construction.

Respectfully submitted,

/s/ William S. Eubanks II
William S. Eubanks II
(admitted *Pro hac vice*)
(No. 93342)
Meyer Glitzenstein & Crystal
1601 Connecticut Avenue, NW
Suite 700
Washington, DC 20009
(202) 588-5206
(202) 588-5049 (fax)
beubanks@meyerglitz.com

/s/ Eric R. Glitzenstein
Eric R. Glitzenstein
(admitted *Pro hac vice*)

---

[2] The fact that <u>one</u> of the plaintiffs made a settlement offer in a state administrative proceeding predicated on defendants' willingness to <u>permanently</u> refrain from constructing the turbines identified in defendants' filing should not only be disregarded by the Court, <u>see</u> Fed. R. Evid. 408, but bears no legal or logical relationship to the terms under which the project should proceed before this Court has had an opportunity to rule on plaintiffs' federal ESA claims.

(No. 93343)
Meyer Glitzenstein & Crystal
1601 Connecticut Avenue, NW
Suite 700
Washington, DC 20009
(202) 588-5206
(202) 588-5049 (fax)
eglitzenstein@meyerglitz.com

William K. Meyer
(Federal Bar No. 01214)
Zuckerman Spaeder LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
(410) 332-1240
(410) 659-0436 (fax)
wmeyer@zuckerman.com