THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

|  |  |
|---|---|
| ANIMAL WELFARE INSTITUTE, *et al.* )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BEECH RIDGE ENERGY LLC and )<br>INVENERGY WIND LLC, )<br>)<br>Defendants. )<br>) | Civil No. RWT 8:09-cv-01519 |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR EXPEDITED
CLARIFICATION AND/OR MODIFICATION OF THE COURT'S JULY 30, 2009 ORDER**

Defendants are puzzled by Plaintiffs' Motion for Expedited Clarification And/Or Modification of the Court's July 30, 2009 Order. Plaintiffs are now asking Defendants to abide by a proposal that Plaintiffs *opposed* one week ago and that was mooted by circumstances and the Court's statements at the July 30, 2009 status conference. In so doing, Plaintiffs make troubling accusations of Defendants playing "fast and loose" with the Court, which warrant a swift and firm response.

In fact, Defendants are proceeding in accordance with the Court's statements at the July 30, 2009 status conference, which recognized that:

(1) the Court can consolidate the preliminary injunction motion with the merits irrespective of the positions of the parties;

(2) the decision whether to erect turbines is Defendants' business risk to bear;

(3) this case concerns the Indiana bat, and not view shed;

(4) the U.S. Fish & Wildlife Service has not prohibited turbine erection; and

(5) Defendants will not operate the turbines until after the start of the Indiana bat's hibernation period in mid-November.

Further, all of the turbines planned for construction this fall are more than eight miles from the small Indiana bat hibernaculum of concern to Plaintiffs, as described in Defendants' preliminary injunction opposition papers.

Defendants' July 27, 2009 proposal in the request for a status conference was to refrain from constructing a subset of turbines during, *and only during*, September 2009.[1] Once the Court reviewed the above five issues, decided to hold a consolidated hearing, and set the hearing for late October after Plaintiffs rejected the Court's offer of September 22-24, Defendants believed that the July 27, 2009 proposal was moot, as reflected in the Court's July 30, 2009 order, which placed no restrictions on turbine erection.[2]

Accordingly, the Plaintiffs' motion should be denied.

Respectfully submitted,

_/s Kirsten L. Nathanson_
Kirsten L. Nathanson (D. Md. Bar No. 14236)
Steven P. Quarles (admitted *pro hac vice*)
J. Michael Klise (application for admission pending)
Thomas R. Lundquist (admitted *pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Ave., NW
Washington, D.C. 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
knathanson@crowell.com

Dated: August 6, 2009                    Attorneys for Defendants Beech Ridge Energy LLC and Invenergy Wind LLC

---

[1] The one month differential between late September and late October may be of no import to Plaintiffs, but the early fall time period is critical for Defendants' activities at the site, as turbine erection becomes significantly more challenging and inefficient at the high altitudes after October with the onset of uncertain weather conditions.

[2] If Defendants misapprehended the Court's statements or intent at the July 30, 2009 status conference, then Defendants would appreciate the opportunity to more fully respond to Plaintiffs' arguments and accusations set forth in their Motion.