**United States District Court**
**for the District of Maryland**

---

ANIMAL WELFARE INSTITUTE, et al.,   )
   )
         Plaintiffs,   )
   )
         v.   )      Civ. No. 09-1519 (RWT)
   )
BEECH RIDGE ENERGY LLC, et al.,   )
   )
         Defendants.   )

---

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR**
**EXPEDITED CLARIFICATION AND/OR MODIFICATION OF THE**
**COURT'S JULY 30, 2009 ORDER**

Defendants profess to be "puzzled" by Plaintiffs' belief that Defendants should abide by their *own* offer to refrain from erecting certain turbines once the Court granted the basic relief that Defendants sought in making that offer: (a) cancellation of the August 11 preliminary injunction hearing, and (b) a subsequent, consolidated hearing on the merits.  The only puzzle, however, is why Defendants believe that the Plaintiffs (or the Court) should come to any conclusion other than that Defendants should not be permitted to ask for relief on the basis of a "compromise" proposal, only to then abandon a crucial element of that proposal *after* Defendants' request for relief was granted by the Court.

Indeed, Defendants do not dispute that, during last week's status conference, Defendants *never* advised the Court or Plaintiffs that the proposal Defendants had proffered in urging consolidation had somehow been "mooted" by anything the Court said or did.  Nor did Defendants remotely suggest during the conference that their proposal was inoperative and that

they would, instead, proceed with the entire first phase of turbine erection simply because the Court and the parties had agreed that an October date was the earliest practicable time for the consolidated hearing Defendants were seeking.  Instead, Defendants simply decided to take the "quid" of their offer – *i.e.,* Rule 65(a)(2) consolidation and cancellation of the August 11 hearing – without also complying with the "quo" of their own proposal – *i.e.*, turbine erection only in enumerated Phase I sites generally furthest from Indiana bat hibernacula.  At the very least, it was surely incumbent on Defendants to disclose that crucial piece of information during the conference when all the issues at stake (*i.e.,* cancellation of the preliminary injunction hearing, consolidation, pretrial briefing, and expedited discovery) were being resolved by the Court.

It is correct that Plaintiffs's position was (and is) that there should be ***no*** turbine erection prior to a consolidated hearing on the merits, but that "[u]nder defendants' proposal, nearly ***half*** of the turbines scheduled for construction this year – 31 out of 67 – would be erected before the Court even holds a hearing on plaintiffs' claims that the project will 'take' endangered Indiana bats."  D.E. 27 at 2 (emphasis in original).  Accordingly, Plaintiffs' reasonable (and, we believe, correct) understanding was that, during the conference on whether and when a consolidated hearing would occur, there were but ***two*** options before the Court – (1) Defendants' own "compromise" of delineated turbine erection; and (2) Plaintiffs' counter-proposal of no turbine erection before a consolidated hearing could be held.  Defendants never mentioned, let alone supported, a third option of unlimited turbine erection, nor did they even imply that a few weeks' difference in the Court's ability to schedule the hearing Defendants themselves had

sought would totally nullify Defendants' own proposal for erecting some but not all of the turbines.  Rather, that disclaimer only took place *after* the conference, and the Court and the parties had worked out a schedule for the consolidated hearing.

Notably, Defendants have not responded to Plaintiffs' specific legal arguments regarding the judicial estoppel doctrine, nor to Plaintiffs' contention that Defendants' insistence on now completing the *entire* first phase of turbine erection may in fact prejudice Plaintiffs' interests in conserving the Indiana bat, as well as effectively constrain the relief that the Court could craft should it sustain Plaintiffs' position that the project will unlawfully "take" Indiana bats.  See Pfs. Mot. (D.E. 29) at 6-7.  Although Plaintiffs defer to the Court on whether Defendants should be afforded a further opportunity to brief those arguments, see Def. Resp. at 2 n.2, should the Court allow such a filing, Plaintiffs respectfully request that Defendants be ordered to do so within one week – *i.e.* by August 13, 2009 – so that the Court has an adequate opportunity to resolve this issue in advance of Defendants' presently scheduled initiation of turbine erection.  Alternatively, the Court could schedule a telephone hearing on the motion so that the issue may be addressed and resolved in that fashion.

In sum, whatever Defendants' motivation in reversing course on turbine erection after the July 30 conference call, the crucial fact remains that complete construction of the first phase of the project is *not* what Defendants offered – and not what Plaintiffs reasonably believed was being accepted – when the Court granted Defendants' requests for cancellation of the August 11 hearing and consolidation of that hearing with a trial on the merits.  Defendants' *post hoc*

decision to abandon their own proffered "compromise" and instead proceed with full scale construction is also in tension with the openness and accommodation that are essential to a fair and efficient conduct of this litigation, especially with the litigation now on a fast track to ultimate resolution.[1]

For these reasons, as well as those set forth previously, Plaintiffs' motion should be granted.

Respectfully submitted,

/s/ William S. Eubanks II
William S. Eubanks II
(admitted *Pro hac vice*)
(No. 93342)
Meyer Glitzenstein & Crystal
1601 Connecticut Avenue, NW

---

[1] With regard to Defendants' characterization of what the Court "recognized" at the status conference, Def. Resp. at 1, Defendants' list is most conspicuous for what it ***omits*** – *i.e.*, any suggestion by the Court that Defendants had abandoned or modified their own position on the extent of turbine erection before a consolidated hearing could occur. Moreover, although the Court inquired as to the U.S. Fish and Wildlife Service's correspondence concerning the project, Plaintiffs do not understand the Court to have made any definitive pronouncements concerning the Service's position – a matter as to which the parties evidently disagree and that will be addressed further as the case progresses. However, as noted in Plaintiffs' motion, and not refuted by Defendants, the Service most certainly has opined that the "Beech Ridge wind project may harm or kill Federally-listed Indiana bats," and it has also "strongly" urged Defendants to undertake Indiana bat surveys and other protective measures that Defendants have simply refused to carry out. See Pfs. Mot. (D.E. 29) at n. 3. Although the Service has not initiated its own enforcement action – a step the agency takes very rarely – as the Supreme Court has held, Congress adopted a citizen suit provision of "remarkable breadth" in the ESA precisely so that compliance with the Act would ***not*** be solely dependent on enforcement by the Service. See Bennett v. Spear, 520 U.S. 154, 164 (1997); id. at 165 ("[T]he obvious purpose of the particular provision in question [the ESA citizen suit provision] is to encourage enforcement by so-called 'private attorneys general'").

4

Suite 700
Washington, DC 20009
(202) 588-5206
(202) 588-5049 (fax)
beubanks@meyerglitz.com

/s/ Eric R. Glitzenstein
Eric R. Glitzenstein
(admitted *Pro hac vice)*
(No. 93343)
Meyer Glitzenstein & Crystal
1601 Connecticut Avenue, NW
Suite 700
Washington, DC 20009
(202) 588-5206
(202) 588-5049 (fax)
eglitzenstein@meyerglitz.com


/s/ William K. Meyer
William K. Meyer
(Federal Bar No. 01214)
Zuckerman Spaeder LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
(410) 332-1240
(410) 659-0436 (fax)
wmeyer@zuckerman.com

5