**PLAINTIFFS' RESPONSE TO THE AMERICAN WIND ENERGY ASSOCIATION'S MOTION FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE***

Although Plaintiffs defer to the Court's considered judgment as to whether yet another brief in this expedited case is either necessary or appropriate, Plaintiffs respectfully request that, if the Court does allow the American Wind Energy Association ("AWEA") to file an *amicus* brief, the Court should attach reasonable conditions to any such filing, as set forth below. As AWEA's motion for leave to file a brief makes clear, AWEA is hardly an unbiased or neutral party to these proceedings. Rather, it is the "national representative of the wind industry," Mot. at ¶ 3, and its dues-paying members include not only Defendant Invenergy Wind LLC, but also Defendants' environmental consultant, BHE Environmental, which employs two of Defendants' "expert" witnesses.[1]

Moreover, contrary to AWEA's suggestion, this case has little, if anything, to do with the purported "efforts" of the wind power industry as a whole to address "wildlife impacts from wind development." Mot. at ¶ 3. Nor would the Court likely benefit from a generic discourse on "Federal and state laws that afford generalized protections to wildlife from wind development." Id. Rather, the narrow, albeit important, issue in this case is whether, based on the evidence before the Court, the particular project under review will likely "take" endangered Indiana bats, and hence whether the project should proceed without an "incidental take permit" issued in accordance with section 10 of the Endangered Species Act. AWEA has nothing discernible to

---

[1] Accordingly, AWEA's suggestion that its participation would somehow be tantamount to that provided by the United States in litigation between two private parties, Mot. at ¶ 6, is baseless. AWEA would not be participating as an unaligned *amicus* with "expertise in the relevant area at issue," id., but, rather, for the express purpose of filing another brief on behalf of one of the existing parties.

add with regard to <u>that</u> issue, and the topics it does seek to opine on are, at best, collateral to the Court's resolution of this particular case.

Accordingly, if the Court does allow an <u>amicus</u> submission, Plaintiffs respectfully request that it be conditioned in the following fashion: (1) it should be no longer than <u>ten pages</u>; (2) Plaintiffs should be permitted to file a response of the same length; and (3) it should avoid repetition of any of the arguments being advanced by Defendants concerning the particular legal issues or facts before the Court.

        Respectfully submitted,

        <u>/s/ Eric R. Glitzenstein</u>

        Eric R. Glitzenstein    (admitted *Pro hac vice*)
        William S. Eubanks II  (admitted *Pro hac vice*)

        Meyer Glitzenstein & Crystal
        1601 Connecticut Avenue NW, Suite 700
        Washington, DC 20009
        (202) 588-5206
        (202) 588-5049 (fax)

        William K. Meyer
        (Federal Bar No. 01214)
        Zuckerman Spaeder LLP
        100 East Pratt Street, Suite 2440
        Baltimore, MD 21202
        (410) 332-1240
        (410) 659-0436 (fax)
        wmeyer@zuckerman.com