**United States District Court**
**for the District of Maryland**

| | |
|---|---|
| ANNIMAL WELFARE INSTITUTE, et al.,   ) | |
| ) | |
| Plaintiffs,   ) | |
| ) | |
| v.   ) | Civ. No. 09-1519 (RWT) |
| ) | |
| BEECH RIDGE ENERGY LLC, et al.,   ) | |
| ) | |
| Defendants.   ) | |

**PLAINTIFF MCRE'S OPPOSITION TO ALICIA EISENBEISS'S**
**MOTION FOR RELIEF FROM ORDERED STIPULATION**

Plaintiff Mountain Communities for Responsible Energy ("MCRE") hereby opposes Alicia Eisenbeiss's Motion for Relief from Ordered Stipulation ("Motion"), D.E. 84. The motion should be denied on ripeness grounds because the pro se movant has not articulated any concrete interest requiring intervention by this Court at this time. However, if the Court nonetheless opts to address the issues raised in the motion, the motion should be denied on the merits because, as set forth in a detailed declaration from MCRE's authorized representative, see Declaration of John N. Stroud (Exhibit A) ("Stroud Decl."), Mrs. Eisenbeiss, who is deriving a substantial benefit from the Stipulation at issue, was in fact kept fully informed as to the Stipulation before it was filed; she never objected despite having multiple opportunities to do so; and she was accurately identified as a member of MCRE for purposes of the Stipulation.[1]

---

[1] This opposition is written on behalf of plaintiff MCRE because the remaining plaintiffs view this as a purely internal matter between MCRE and its members. However, plaintiffs Animal Welfare Institute and David G. Cowan have been consulted, and those parties also

**BACKGROUND**

On December 8, 2009, this Court entered judgment for plaintiffs, issuing an Order (D.E. 63) accompanied by an extensive Opinion (D.E. 62) finding that the project at issue would take Indiana bats in violation of the Endangered Species Act, but inviting the parties to explore a resolution amongst themselves that would allow some further turbine operation to proceed while defendants seek an incidental take permit from the U.S. Fish and Wildlife Service. See Opinion at 71. Upon the Court's invitation, the parties negotiated extensively and in good faith and reached a resolution that the parties embodied in a Stipulation that was filed with the Court on January 19, 2010. See D.E. 75. The Stipulation was overwhelmingly approved by the members of MCRE – an unincorporated association whose members had agreed that the association's positions in the litigation would be decided by majority vote. Stroud Decl. ¶ 2. The Court approved and ordered compliance with the Stipulation on January 26, 2010. See D.E. 78. Upon the Court's approval, and as required by paragraph 7(b) of the Stipulation, plaintiffs' counsel, based on information obtained from MCRE's authorized representative, sent defendants a letter identifying MCRE's members, which contained the names of fourteen individuals, including Mrs. Eisenbeiss, who MCRE regarded as core members who would be bound by the terms of the Stipulation.

---

believe that Mrs. Eisenbeiss is not entitled to the relief sought for the reasons stated herein, and further believe that the Stipulation should remain in full effect as a good faith effort among the parties to carry out this Court's December 8, 2009 ruling and to resolve this litigation on mutually agreeable terms.

On March 17, 2010, Mrs. Eisenbeiss petitioned the Court to be relieved in her personal capacity from being bound by the Stipulation. Notably, Mrs. Eisenbeiss makes clear that her intent in filing this motion is <u>not</u> to "pursue further legal proceedings against Beech Ridge Energy LLC, et al., or subvert the ordered stipulation . . . ." Motion at 4. Rather, Mrs. Eisenbeiss essentially requests an advisory opinion and/or declaration from the Court regarding her legal rights vis-a-vis the Stipulation. Specifically, Mrs. Eisenbeiss expresses her concern that certain rights – and particularly the rights of her "minor children" – are restricted by the Stipulation, although she identifies no concrete "right" that she seeks to invoke at this time, but that is foreclosed by the Stipulation.

## ARGUMENT

**I.    Mrs. Eisenbeiss's Request For Relief Should Be Denied On Ripeness Grounds.**

As a threshold matter, because MCRE recognizes that Mrs. Eisenbeiss is proceeding pro se, MCRE will attempt to reframe Mrs. Eisenbeiss's request for relief in terms of the applicable rules of civil procedure. <u>See, e.g.</u>, <u>Hudson v. McHugh</u>, 148 F.3d 859, 864 (7th Cir. 1998) (noting that a pro se party's filing should be given liberal construction, and "the essence of liberal construction is to give a pro se plaintiff a break when, although she stumbles on a technicality, [her] pleading is otherwise understandable" (citations omitted)). A motion of the type filed by Mrs. Eisenbeiss can only be considered either as a Rule 59(e) motion to alter or amend a judgment, or as a Rule 60(b) motion for relief from a final judgment, order, or proceeding. Fed. R. Civ. P. 59-60. Mrs. Eisenbeiss cannot avail herself of the Rule 59(e) mechanism because such a claim would be time-barred by the express 28-day limitation found

within Rule 59(e). Fed. R. Civ. P. 59(e). Therefore, the pending motion can only be and should be considered as a Rule 60(b) motion. However, as explained below, Mrs. Eisenbeiss has articulated no concrete present interest for which she seeks relief from the Stipulation, and thus her claim is premature and unripe unless and until such an interest materializes into a concrete set of circumstances that can be considered by the Court in light of the explicit terms of the Stipulation and/or Rule 60(b).

In her motion, Mrs. Eisenbeiss expresses two related concerns allegedly necessitating the Court's intervention in what is essentially an internal dispute between MCRE and one of its members. First, Mrs. Eisenbeiss suggests that the Stipulation purports to "restrict[] and limit[] legal means for me to protect my minor children . . . ." Motion at 4. This assertion is entirely misplaced because the Stipulation and accompanying letter sent to defendants <u>only</u> binds the fourteen identified members of MCRE – <u>not</u> the family members, including children, of any MCRE member. Therefore, because the rights of Mrs. Eisenbeiss's children have been affected in no way by the Stipulation, this aspect of Mrs. Eisenbeiss's request is simply misplaced in light of the plain terms of the Stipulation and the letter identifying MCRE members.

The related concern articulated by Mrs. Eisenbeiss appears to be that the Stipulation limits her ability to exercise certain "rights" although she does not describe in any particularized manner precisely what (if anything) she wants to do that is foreclosed by the Stipulation. Rather, the pro se movant seeks relief from the Court to "insure my rights have not been forfeited and remain intact" because "I am not willing to forfeit these rights." Motion at 4. Apparently, Mrs.

Eisenbeiss desires to ensure that she is not forfeiting "rights" that she may want to exercise at some unidentified time in the future, over unidentified facts, <u>which may never occur</u>.[2]

The pro se movant's request for relief on this matter is unripe. As the Supreme Court and the Fourth Circuit have long held, Article III of the Constitution prohibits federal courts from entertaining requests for advisory opinions and from resolving disputes better resolved in a concrete factual setting. See, e.g., <u>Massachusetts v. Envtl. Prot. Agency</u>, 549 U.S. 497, 516 (2007) (noting that "[i]t is therefore familiar learning that no justiciable 'controversy' exists when parties . . . ask for an advisory opinion"); <u>Abbott Labs. v. Gardner</u>, 387 U.S. 136, 148 (1967) (emphasizing that the "basic rationale" of the ripeness doctrine is to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements"); <u>Miller v. Brown</u>, 462 F.3d 312, 318-19 (4th Cir. 2006) (explaining that "[t]he doctrine of ripeness prevents judicial consideration of issues until a controversy is presented in clean-cut and concrete form" (citation omitted)); <u>S.C. Citizens for Life, Inc. v. Krawcheck</u>, 301 Fed. Appx. 218, 220-21 (4th Cir. 2008) (same). What Mrs. Eisenbeiss has requested, in effect, is an advisory opinion by the Court declaring her rights vis-a-vis the Stipulation. However,

---

[2] While conferring substantial benefits on plaintiffs with regard to the project's configuration and other safeguards for protecting Indiana bats, the Stipulation does limit the ability of plaintiffs (including MCRE's members) to pursue further challenges to the project, although the Stipulation (mirroring general Rule 60(b) principles) does expressly provide that any party may seek a modification of the Stipulation "based on new circumstances or any other factors" warranting such relief. D.E. 78 ¶ 15; see also <u>Rufo v. Inmates of Suffolk County Jail</u>, 502 U.S. 367, 383 (1992) ("[A] district court should exercise flexibility in considering requests for modification" of a court order or consent decree based on changed circumstances under Rule 60(b)(5)).

without articulating any concrete facts on which she plans to exercise certain rights that might or might not violate the Stipulation, there is no concrete controversy for purposes of Article III, and the Court's consideration of this matter is at best premature – particularly since the need to exercise "rights" may never materialize (and most likely will not materialize given the benefits conferred on Mrs. Eisenbeiss by the Stipulation, see Stroud Decl. ¶ 9, and in view of Mrs. Eisenbeiss's stated commitment not "to purse further legal proceedings" against defendants, Motion at 4).  Cf. Railway Mail Ass'n v. Corsi, 326 U.S. 88, 93 (1945)  (explaining that federal courts can only consider "adverse legal interests, a dispute definite and concrete, not hypothetical or abstract").  Accordingly, the pro se movant's request for relief is unripe at this juncture, although Mrs. Eisenbeiss can petition the Court if and when concrete circumstances arise that warrant intervention by the Court.

Indeed, the Court-ordered Stipulation already includes a mechanism whereby the Stipulation can be modified "based on new circumstances or any other factors" necessitating such relief.  D.E. 78 ¶ 15.  Therefore, in the event that Mrs. Eisenbeiss's theoretical concerns ever materialize, thus requiring the exercise of certain rights that she believes would violate the Stipulation, she may petition the Court for appropriate relief under those circumstances.  In such a setting, the Court could find that, even if she is subject to the Stipulation (as MCRE believes to be the case), the Stipulation does not restrict the particular exercise of rights that Mrs. Eisenbeiss wishes to pursue, or if it does, that the Stipulation should be modified based on "new circumstances" pursuant to ¶ 15 of the Stipulation.  This procedural mechanism was negotiated in good faith by the parties for the precise purpose of addressing disputes that might arise

concerning implementation of the Stipulation and for allowing future modification of the Stipulation <u>if and when</u> such circumstances dictate that result.  However, especially because Mrs. Eisenbeiss expressly disclaims any interest in continuing litigation at this time or in challenging the terms of the Stipulation itself, Motion at 4, and she points to no concrete exercise of rights that she <u>now</u> seeks to engage in and that might violate the Stipulation, her request for relief is unripe and should be rejected on that basis.

**II.     If The Court Decides To Reach The Merits Of Mrs. Eisenbeiss's Request, It Should Be Denied Because She Is Not Entitled To Relief.**

Although MCRE believes that the Court need not reach the merits of Mrs. Eisenbeiss's motion, MCRE respectfully requests that the Court deny the motion if the Court does so.  As explained in a detailed declaration by MCRE's duly authorized representative, <u>see</u> Stroud Decl., Mrs. Eisenbeiss was kept fully informed of all pertinent updates regarding the negotiation and the filing of the Stipulation, and, in particular, of the list of MCRE core members who would be personally bound by the Stipulation upon execution and approval by the Court.[3]

However, despite having multiple opportunities to do so, Mrs. Eisenbeiss never objected to the terms of the Stipulation itself or to being bound by the Stipulation as an MCRE member, nor did any of the other members of MCRE – who overwhelmingly supported the Stipulation –

---

[3] Mr. Stroud sent more than twenty emails to core members, including Mrs. Eisenbeiss, and made further efforts to keep members fully informed and to solicit any objections, leading up to the filing of the Stipulation on January 19, 2010.  Because those emails contain attorney-client privileged information, plaintiffs' counsel are not attaching those emails as exhibits to this Opposition.  However, plaintiffs have no objection to making those emails available for *in camera* review upon request of the Court.

suggest that Mrs. Eisenbeiss not be identified as a core member of the group. Further, Mrs. Eisenbeiss does not disclaim her contribution to and support of MCRE in her motion; rather she appears to specifically concede her "involvement as a contributor/donor to [MCRE], in connection with this particular case . . . ." Motion at 4. Therefore, it is the position of MCRE that Mrs. Eisenbeiss was properly identified as a core member of MCRE in the letter sent to defendants upon the Court's approval of the Stipulation, and that Mrs. Eisenbeiss was provided extensive updates informing her of all developments leading up to the filing of the Stipulation – including that she, along with other enumerated members of MCRE, would be individually bound by the Stipulation – but that she never raised any objections to the Stipulation, despite having many opportunities to do so. On that basis, the motion should also be denied.[4]

Finally, the motion should be denied because Mrs. Eisenbeiss – who again does not appear to disavow her status as a long-time member of MCRE – seems to be operating on the mistaken belief that members of unincorporated associations such as MCRE can never be bound by decisions of the group or of authorized representatives and agents of the group. See Motion at 4 (stating that even if decisionmaking follows the standard operating procedure, it is not sufficient "to restrict individuals' rights"). However, where as here, a member of an

---

[4] Mrs. Eisenbeiss states that MCRE "assum[ed] that I received emails and made no objections to the stipulation." Motion at 3. However, not only was Mrs. Eisenbeiss in fact sent more than twenty emails in the period leading up to the filing of the Stipulation (including one marked "IMPORTANT" that specifically said she would be identified as an MCRE member for purposes of the Stipulation, and several reiterating the fact that individual members would be bound by the Stipulation, see Stroud Decl. at ¶¶ 5-7) – pursuant to the group's standard operating procedure for communication, but she never denies in her motion that she did in fact receive those emails sent to her by the group's duly authorized representative.

unincorporated association has regularly participated in and supported the group's actions, and has been fully informed via standard forms of communication throughout each stage of the group's decisionmaking process without raising any objections to a decision made on behalf of the association, there is nothing untoward about that person being bound in a personal capacity under the circumstances.  See, e.g., State Farm Mut. Auto Ins. Co. v. Mackechnie, 114 F.2d 728, 731 (8th Cir. 1940) (affirming district court's finding that "the policy was a valid contract insuring Lyders personally because the officers or members of an unincorporated association making a contract in its name are personally bound by its terms and the contract is binding" (emphasis added)); Am. Tobacco Co. v. Fed. Trade Comm'n, 9 F.2d 570, 576 (2d Cir. 1925) (finding that individual members of unincorporated association were bound in their personal capacities); cf. Tunstall v. Brotherhood of Locomotive Firemen & Enginemen, 148 F.2d 403, 405 (4th Cir. 1945) (noting that in West Virginia, where all of MCRE's members reside, "an unincorporated labor association may not be sued as an entity, [and] such an association may be sued in the state courts by naming as parties and serving individually some of the members composing the association" (citations omitted)).

## CONCLUSION

Based on the foregoing, plaintiff MCRE respectfully requests that the Court deny the motion as unripe or, alternatively, deny the motion on the merits.

Respectfully submitted,

 /s/ William S. Eubanks II
William S. Eubanks II
(admitted *Pro hac vice)*
Eric R. Glitzenstein
(admitted *Pro hac vice)*
Meyer Glitzenstein & Crystal
1601 Connecticut Avenue NW, Suite 700
Washington, DC 20009
(202) 588-5206, (202) 588-5049 (fax)
beubanks@meyerglitz.com
eglitzenstein@meyerglitz.com

William K. Meyer
(Federal Bar No. 01214)
Zuckerman Spaeder LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
(410) 332-1240, (410) 659-0436 (fax)
wmeyer@zuckerman.com

*Counsel for Plaintiff MCRE*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2010, I served a copy of Plaintiff MCRE's Opposition to Alicia Eisenbeiss's Motion for Relief from Ordered Stipulation, and all attachments, on Alicia A. Eisenbeiss (who is unrepresented by counsel), by sending those documents via U.S. mail to:

    Alicia A. Eisenbeiss, Pro se claimant
    P.O. Box 21
    Renick, WV 24966

All other parties are represented by counsel who have registered for electronic filing, and therefore service on those parties has been completed via the notice of electronic filing associated with these documents.  L. R. 102(1)(c).

    Respectfully submitted,

    /s/ William S. Eubanks II
    William S. Eubanks II
    (admitted *Pro hac vice*)
    Meyer Glitzenstein & Crystal
    1601 Connecticut Avenue NW, Suite 700
    Washington, DC 20009
    (202) 588-5206, (202) 588-5049 (fax)
    beubanks@meyerglitz.com

    *Counsel for Plaintiff MCRE*